**MUTUAL BENEFIT LIFE INSURANCE COMPANY, Beneficial Life Insurance Company, General American Life Insurance Company, Manufacturers Life Insurance Company (USA), New York Life Insurance Company, Oxford Life Insurance Company and Stanford Insurance Company, Plaintiffs,**

v.

**George G. ZIMMERMAN, George G. Zimmerman & Company, Inc., William J. Flynn, Wm. J. Flynn Associates, Inc., Paul J. Bargnesi, Samuel C. Corey, and Consultants & Administrators, Inc., Defendants.**

Civ. A. No. 91–1945.

United States District Court,
D. New Jersey.

Feb. 13, 1992.

John J. Sheehy, Kenneth L. Miller, Rogers & Wells, New York City, and Marc S. Friedman, Lindsay Taylor, Friedman Siegelbaum, Roseland, N.J., for All American Life Ins. Co.

Gerald A. Liloia, Peter C. Harvey, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, N.J., for George G. Zimmerman & Co., Inc., George G. Zimmerman and Hartford Line Slip, Inc., formerly known as Zimmerman Line Slip, Inc.

Hugh P. Francis, Francis & Berry, Morristown, N.J., for William P. Flynn and William J. Flynn & Associates, Inc.

Mark F. Hughes, Jr., Robinson, St. John & Wayne, Newark, N.J., for Consultants & Administrators, Inc., Samuel C. Corey and Paul J. Bargnesi.

Richard K. Willard, Richard H. Porter, John F. Kostyack, Steptoe & Johnson, Washington, D.C., and Robert E. Bartkus, Pinto, Rodgers & Kopf, Morristown, N.J., for Mutual Benefit Life Ins. Co., Beneficial Life Ins. Co., General American Life Ins. Co., Manufacturers Life Ins. Co. (USA), New York Life Ins. Co., Oxford Life Ins. Co., and Standard Ins. Co.

Michael E. Donovan, Sills Cummis Zuckerman Radin Tischman Epstein & Gross, P.A., Newark, N.J., for Integrated Resources Life Ins. Co.

Richard M. Eittreim, McCarter & English, Newark, N.J., for Provident Mut. Ins. Co. of Philadelphia.

Reid Evers, Transamerica Occidental Life Ins. Co., Los Angeles, Cal., and Donald Horowitz, Hackensack, N.J., for Transamerica Occidental Life Ins. Co.

Robert A. Knuti, Lord, Bissel & Brook, Chicago, Ill., and William B. McGuire, Tompkins, McGuire & Wachenfeld, Newark, N.J., for Security Benefit Life Ins. Co.

R. Dennis Wright, Hillix, Brewer Law Firm, Kansas City, Mo., and Daniel D. Caldwell, Wolff & Samson, P.A., Roseland, N.J., for Businessmen's Assur. Co. of America.

## OPINION

LECHNER, District Judge.

Currently before the court is the motion of defendant George G. Zimmerman & Company, Inc. ("Zimmerman & Co."), Zimmerman Line Slip, Inc. ("ZLS") and George

G. Zimmerman ("Zimmerman") (collectively, the "Movants") for (i) reconsideration and clarification (the "Motion for Reconsideration") of the letter-opinion and order, filed 8 January 1992 (the "8 January 1992 Opinion"), 783 F.Supp. 853 (D.N.J.1992), which denied a motion by Zimmerman & Co. to compel arbitration and to stay the proceedings pending arbitration (the "Arbitration Motion"). On 28 January 1992 at oral argument (the "28 January 1992 Oral Argument"), the Movants moved for a stay of all proceedings pending an appeal of the 8 January 1992 decision.[1]

For the reasons set forth below, the Motion for Reconsideration and the request for a stay of the proceedings pending an appeal to the Third Circuit are denied.

### FACTS [2]

On 16 September 1991 Zimmerman & Co. filed the Arbitration Motion. On that same day, William Flynn & Associates ("Flynn & Associates") and William Flynn ("Flynn") filed a similar motion to compel arbitration in the *Mutual* Action and the *Security Benefit* Action, as defined in the 8 January 1992 Opinion at 856, and to stay the proceedings pending arbitration. One argument advanced in opposition to the Arbitration Motion was that Zimmerman & Co., Flynn & Associates and Flynn lacked standing to enforce the arbitration clause contained in the management agreement (the "Management Agreement") entered between ZLS and thirteen reinsurers. The reply brief of Zimmerman & Co., submitted in connection with the Arbitration Motion, responded to the *Mutual* Action Plaintiffs' argument that Zimmerman & Co. lacked standing by stating:

> However, the [standing issue becomes] moot upon the joinder of ZLS in the Third-party Complaint filed by Transamerica herein on August 6, 1991. Through the undersigned counsel, ZLS hereby joins in and adopts [Zimmerman & Co.'s] motion *nunc pro tunc.*

Reply Brief of Zimmerman & Co., 8 (previously submitted in support of Arbitration Motion) (the "Reply Brief").

Oral argument for the Arbitration Motion was held on 25 October 1991 (the "25 October 1991 Oral Argument"). At the 25 October 1991 Oral Argument, counsel were asked who the moving parties were in the Arbitration Motion.

> The Court: Now, as I see it, the moving parties are Zimmerman & Company, Flynn & Associates and Flynn. They are the three moving parties. Am I correct on that?
>
> Mr. Francis: [3] You are.
>
> Mr. Liloia: [4] Yes.
>
> Mr. Bartkus: [5] Yes.

25 October 1991 Oral Arg. Tr., 5. Relying on the statements made at oral argument, the 8 January 1992 Opinion held Zimmerman & Co., Flynn and Flynn & Associates lacked standing to enforce the arbitration clause in the Management Agreement. 8 January 1992 Opinion, at 866–869. The 8 January 1992 Opinion further indicated

---

1. In support of this motion, the following has been submitted: Notice of Motion and Letter Brief of the Movants, dated 17 January 1992 (the "Moving Brief"); Letter opposition from Steptoe & Johnson, dated 22 January 1992 (the "Opp. Brief"); Letter reply of the Movants, dated 27 January 1992 (the "Reply Ltr."). The Reply Ltr. was received in chambers on 28 January 1992 *after* oral argument on the Motion for Reconsideration. A status conference followed the 28 January 1992 Oral Argument. *See* Transcript of 28 January 1992 Oral Argument (the "28 January 1992 Oral Arg. Tr."). On 31 January 1992, the Movants submitted a proposed form of order. On 5 February 1992 the *Mutual Action* plaintiffs submitted a form of order. Also on 5 February 1992 the Movants submitted a letter objecting to the *Mutual Action* plaintiffs' proposed order and requesting the court to indicate its reasons for denying its request for a stay (the "5 February 1992 Letter").

2. The facts of this case are fully set forth in the 8 January 1992 Opinion. For the sake of brevity, only the facts relevant to the motion for reconsideration and request for a stay are included in this opinion.

3. Mr. Francis is counsel for Flynn and Flynn & Associates.

4. Mr. Liloia is counsel for Zimmerman, Zimmerman & Co. and ZLS.

5. Mr. Bartkus is counsel for the *Mutual Action* Plaintiffs, as defined in the 8 January 1992 Opinion, at 856.

that Zimmerman would have standing to compel arbitration; however because Zimmerman had ample time to join the Arbitration Motion and did not, he waived any opportunity to compel arbitration. *Id.*, at 868 n. 15.

## DISCUSSION

### 1. *Motion for Clarification*

The Movants now seek clarification of the 8 January 1992 Opinion to the extent it did not address the request by ZLS to join the Arbitration Motion *nunc pro tunc*. Moving Brief, 1. The Movants argue ZLS moved to join the Arbitration Motion *nunc pro tunc*. *Id.*, 2. The Movants state:

> When asked by the Court at oral argument who the moving parties were, counsel inadvertently omitted the identification of the ZLS as a movant. However, the failure to acknowledge that entity as a movant was an oversight and was not intended to waive the *nunc pro tunc* application set forth in the reply brief. *Id.*

■ The Movants' characterization of the one line statement in the Reply Brief, that "ZLS hereby joins in and adopts [Zimmerman & Co.'s] motion *nunc pro tunc*," as a motion is unwarranted. At no time did ZLS file motion papers to join *nunc pro tunc*. ZLS was joined as a party to this litigation on 9 August 1991. The Arbitration Motion was filed on 16 September 1991. The Movants have offered no explanation why ZLS did not file a formal motion to join *nunc pro tunc* at the time the Arbitration Motion was filed in September.

■ The Movants withdrew the one line request made in the Reply Brief to join ZLS in the Arbitration Motion *nunc pro tunc*. At the 28 January 1992 Oral Argument, Mr. Liloia, counsel for the Movants, and Mr. Francis, counsel for Flynn and Flynn & Associates, were specifically asked who the moving parties in the Arbitration Motion were; as mentioned, the discussion was as follows:

> The Court: Now, as I see it, the moving parties are Zimmerman & Company,

Flynn & Associates and Flynn. They are the three moving parties. Am I correct on that?
> Mr. Francis: You are.
> Mr. Liloia: Yes.
> Mr. Bartkus: Yes.

28 January 1992 Oral Arg. Tr., 5.

Messrs. Liloia and Francis had, on this issue, a unity of interest. The question was clear, unambiguous and not argumentative. As indicated, counsel explicitly confirmed that the moving parties were Zimmerman & Co., Flynn and Flynn & Associates. Counsel were given the opportunity to request that ZLS be joined in the motion and did not advance such a request.

Reliance was placed on the statements at the 28 January 1992 Oral Argument. The purpose of oral argument would be rendered utterly meaningless if a court could not rely on statements of counsel made. The Movants are judicially estopped from claiming ZLS was a party to the Arbitration Motion. *See, e.g., Lewandowski v. National R.R. Passenger Corp. (AMTRAK)*, 882 F.2d 815, 181–19 (3d Cir.1989) (plaintiff judicially estopped from asserting claim based on defendants refusal to let him return to work before public law board adjudicating grievances under collective bargaining agreement because plaintiffs' trial attorney had previously stated in court that plaintiff was not capable of doing railroad work).

### 2. *Motion for Stay Pending Appeal*

■ At the 28 January 1992 Oral Argument, the Movants requested a stay of the proceedings pending an appeal to the Third Circuit of the 8 January 1992 Opinion.[6] 28 January 1992 Oral Arg. Tr., 10; Reply Ltr., 2. The Movants have neither sought certification for an interlocutory appeal of the 8 January 1992 nor have they cited any other basis upon which an appeal can be taken from the 8 January 1992 Opinion. Assuming, however, a basis to appeal the 8 January 1992 Opinion, it must be determined whether to grant a stay of the proceedings pending appeal.

In *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir.),

---

**6.** This request was joined by Flynn and Flynn & Associates. 28 January 1992 Oral Arg. Tr., 9–10.

*petition denied,* 951 F.2d 1414 (3d Cir. 1991), the Third Circuit addressed the standard to be applied by a district court in determining whether to grant a stay pending an appeal. The factors which a court shall consider are as follows:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 658.

In this case, a stay of the proceedings is not warranted. A second round of motions is currently in the process of being briefed in this matter. 28 January 1992 Oral Arg. Tr., 11. In addition, this matter requires extensive discovery which is projected to last at a minimum of six months and likely up to a year even if several depositions are taken per day. *Id.,* 15, 48–49. To stay the proceedings at a stage when discovery is just getting underway would result in an unnecessary delay of the proceedings and would further prevent the plaintiffs from seeking the relief claimed in this matter.

Significantly, the denial of a stay will not injure the Movants. As set forth in the 8 January 1992 Opinion, even if the moving party had standing to compel arbitration, only count seven of the *Mutual* Action and counts five and six of the *Security Benefit* Action would be arbitrable; all other claims would proceed to trial. 8 January 1992 Opinion, 48–54, 60–61. To impose a stay pending an appeal would unnecessarily delay the progress of this litigation. Accordingly, the motion for a stay pending appeal is denied.

## CONCLUSION

For the reasons set forth above, the Motion for Reconsideration is denied and the motion for a stay pending appeal to the Third Circuit is denied.